IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KURT SANDVIG, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:23-cv-01319-N (BT) |
| § | |
| FEDERAL BUREAU OF PRISONS, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kurt D. Sandvig, a federal inmate proceeding *pro se*, sued the Bureau of Prisons (BOP), alleging that the BOP is deliberately indifferent to his serious medical needs by refusing to provide him with cataract surgeries. ECF No. 3 at 1. He seeks (1) a Court order directing the BOP to provide him with cataract surgery in both eyes and (2) his costs associated with pursuing his request for both surgeries. ECF No. 3 at 1, 15.

The BOP moves to dismiss Sandvig's complaint as moot, arguing that he has "already received the relief he requests in this case" because he received cataract surgery on his right eye in November 2023, and is scheduled to have cataract surgery on his left eye by August 30, 2024. ECF No. 21 at 1. Alternatively, the BOP asks the Court to stay this action until August 30, 2024, "as all remaining issues in the case would likely be resolved during the stay." ECF No. 21 at 2, 7.

The BOP's motion to dismiss should be granted in part and denied in part. Sandvig's case is not moot, so the motion should be denied in so far as it asks the

Court to dismiss his case. But—as the parties agree—the Court should stay this action until August 30, 2024, at which time the BOP will update the Court on whether the second surgery took place and indicate whether it believes further proceedings are necessary in light of the status of the surgery.

**Legal Standards**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).

Article III of the United States Constitution limits federal jurisdiction to actual "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2; *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). When a court lacks the constitutional power to adjudicate a case, the case must be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010. "[C]ourts may not decide cases that since have become moot because there is no longer a live case or controversy." *Texas v. Equal Emp. Opportunity Comm'n*, 933 F.3d 433, 449 (5th Cir. 2019). The requirement

2

that there be a case-or-controversy "subsists through all stages of federal judicial proceedings, trial and appellate. [I]t is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citation and quotation marks omitted).

A case becomes moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emp. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted). With mootness, a plaintiff must show that he has a personal stake in the outcome of the litigation, and it continues through "all stages of review, not merely at the time the complaint is filed. A case that becomes moot at any point during the proceedings is . . . outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, ---U.S.---, 138 S. Ct. 1532, 1537 (2018) (citation and quotation marks omitted); *see also* FED. R. CIV. P. 12(h)(3) (noting that when the court lacks subject matter jurisdiction, the action must be dismissed). But "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Ry. Clerks*, 466 U.S. 435, 442 (1984).

When the issue of mootness arises, the court must resolve it before it can assume jurisdiction over the case. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

**Analysis**

1. <u>Sandvig's claims are not moot</u>.

The BOP contends that this case is moot because Sandvig requested that the Court order the BOP to provide him with cataract surgery for both of his eyes, and, since the filing of suit, Sandvig received surgery for one eye and surgery for the second eye is set for later this year. It notes that several federal courts have found cases moot when the inmate alleges deliberate indifference for failure to provide specific medical treatment, but then receives the treatment after suit is filed. ECF No. 21 at 5.

In response, Sandvig argues that his claim for injunctive relief is not moot because he has not received the surgery on his left eye. He speculates that "several circumstances could occur to prevent the surgery," including the inability of the BOP to transport him to the surgical center due to staff shortages, or its decision to transfer him to another state. ECF No. 32 at 1.

Sandvig's request for injunctive relief is not moot simply because the BOP *scheduled* the requested surgery. None of the cases that the BOP cites say otherwise. In each of them, the court found mootness when the plaintiff had received the requested care, not when it had only been scheduled. *See Rylee v. U.S. Bureau of Prisons*, 343 F. App'x 865, 866 (4th Cir. 2009) (finding that the inmate's "recent cataract surgery" rendered his complaint moot); *Samonte v. Bauman*, 264 F. App'x 634, 636 (9th Cir. 2008) (finding request for injunctive relief moot when the plaintiff had requested cataract surgery and subsequently "received cataract

4

surgery"); *Willis v. Hutchings*, 2023 WL 2465816, at *1 (D. Nev. Mar. 10, 2023) ("Willis's claim is moot as to Williams and Hutchings. The only claim against them was for deliberate indifference to Willis's medical need for left eye cataract surgery, and this claim was against these two defendants solely in their official capacities for injunctive relief to require the surgery. Willis admits he had that surgery."); *Johnson v. McCain*, 2018 WL 2437694, at *1 (W.D. La. May 1, 2018), *rec. accepted* 2018 WL 2435713 (W.D. La. May 30, 2018) ("Finally, as noted above, surgery has been performed, so Johnson's claim for injunctive relief is moot.").

Unlike the cases that the BOP cites, Sandvig has not received all the relief that he requested, as his request for injunctive relief was an "order from this Court ordering the FBOP to *provide* me with the cataract surgeries I need"—not just to schedule them, which is only a preliminary (if necessary) step. ECF No. 3 at 1 (emphasis added). As Sandvig has not received all the relief that he requested or could attain, this case is not moot. *See, e.g.*, *Texas v. Yellen*, 597 F. Supp. 3d 1005, 1018 (N.D. Tex. Apr. 8, 2022) ("In other words, a claim 'becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation.'") (citing *Chen v. Allstate Ins.*, 819 F.3d 1136, 1144 (9th Cir. 2016); *Geismann v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018); *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020)).

Accordingly, the Court should deny the BOP's motion to dismiss Sandvig's case under Rule 12(b)(1).

5

2. <u>The Court should stay this action until August 2024</u>.

The BOP argues in the alternative that the Court should stay this case until August 30, 2024, by which time the BOP believes Sandvig will have received his second cataract surgery, and at which time the case may be dismissed as moot. Sandvig agrees that the case should be stayed. *See* ECF No. 32 at 2 ("The plaintiff . . . does support the alternative, a stay of this action until August 30, 2024.").

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'" *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'" *Id.* (citation omitted).

Here, a stay is appropriate because continued litigation will waste time and resources if the matter will become moot in a few months. Further, a stay of, at most, a few months, is not one of indefinite duration. *See id*.

## Recommendation

For these reasons, the BOP's motion to dismiss should be granted in part and denied in part. To the extent the BOP seeks dismissal of Sandvig's claims in

6

their entirety under Federal Rule of Civil Procedure 12(b)(1) as moot, the motion should be denied. To the extent that the BOP seeks to stay this action until August 30, 2024, the motion should be granted. The Court should stay this action until August 30, 2024, at which time the BOP will file a status report, notifying the Court of the status of Sandvig's second surgery and indicating whether it believes any further proceedings are necessary in light of the status of the surgery.

SO RECOMMENDED

June 3, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).